UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE VISISION

| | | |
|---|---|---|
| JAMES FINLEY, ET AL<br>    **Plaintiff** | * | CASE NO. 3:19-CV-00539 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| ETHICON INC., ET AL<br>    **Defendants** | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

This ruling involves the disposition of Defendants' Motion to Dismiss Under Rule 41(b) for Plaintiffs' Failure to Comply With the Court's Order Regarding Service of Plaintiff Fact Sheet [Doc. No. 30], and Defendants' Motion for Summary Judgment [Doc. No. 37].

On April 30, 2013, Plaintiffs filed suit in the United States District Court, Western District of Louisiana. The Complaint alleged that Linda Kay Finley suffered from prolapse, cystocele and stress urinary incontinence and that she was implanted with the TVT Secur and Prolift Vaginal Mesh System on July 12, 2007. The Complaint further alleged that Linda Kay Finley had the vaginal mesh removed on June 16, 2009, due to complications and eventually died as a result of the Defendants' fault. Plaintiffs sued Johnson & Johnson, Inc., along with Ethicon, Inc., for the alleged injuries.

In an Order for Multi-District Litigation Transfer entitled "*In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, *MDL* No. 2327," this case was transferred to the above described *MDL* in West Virginia. The case was transferred pursuant to 28 U.S.C. §1407, which involves common questions of fact pending in different districts which may be transferred for coordinated or consolidated pretrial proceedings. In accordance with said statute, these actions

transferred were to be remanded by the panel at or before the conclusion of the pretrial proceedings.

In the *MDL* proceeding, several pretrial orders were filed. The pretrial orders which affect the issues in this ruling are Pretrial Order No. 280 [Doc. No. 15] and Pretrial Order No. 303 [Doc. No. 29]. The Orders provided that the Plaintiffs' Fact Sheets were due by March 19, 2018, and Plaintiffs' expert disclosures were due by June 4, 2018.

On June 22, 2018, in the *MDL* proceeding, Defendants filed a Motion to Dismiss Under Rule 41(b) for Plaintiffs' Failure to Comply With the Court's Order Regarding Service of Plaintiffs' Fact Sheet [Doc. No. 30]. On October 12, 2018, in the *MDL* proceeding, the Defendants filed a Motion for Summary Judgment [Doc. No. 37], alleging that the Plaintiffs had not designated an expert who could prove that the injuries and/or death of Mrs. Finley was caused by fault of the Defendants.

Although the above motions were filed in the *MDL* proceeding, they were not ruled on by the Judge in that proceeding. This case was transferred back to the Western District of Louisiana on April 29, 2019. Therefore, the above motions are still pending.

Defendants maintain that Plaintiffs' suit should be dismissed, with prejudice, as a result of not complying with the pretrial order, which required service of a Plaintiff Fact Sheet in the *MDL* proceeding by March 19, 2018. See [Doc. No. 30]. In its Motion for Summary Judgment Defendants maintain that as a result of Plaintiffs failure to designate an expert witness, within the pretrial deadline, Plaintiffs are unable to prove causation with regard to the products allegedly manufactured and/or sold by the Defendants. See [Doc. No. 37].

Plaintiffs filed responses to the Motion to Dismiss and the Motion for Summary Judgment. Plaintiffs maintain that after this proceeding was transferred to the *MDL* proceeding in West

Virginia, the email address of Plaintiffs' attorney was incorrect, and notice was never received regarding the filings of *MDL* or pretrial orders. The Plaintiffs also maintain that their attorney was diagnosed with Parkinson's Disease and has undergone extensive treatment, including brain surgery. Plaintiffs further maintain that the pretrial orders in the *MDL* do not bind them since the case has now been remanded to this district.

The Court believes that the *MDL* pretrial orders are binding on Plaintiffs. This matter was transferred to the *MDL* in Virginia pursuant to 28 U.S.C. § 1407, which involves multi-district litigation to be consolidated for pretrial proceedings. At the end of the pretrial proceedings, the actions are transferred back to the Court where they came from. The *MDL* judge felt that the pretrial proceedings had been completed and remanded the case back to this district. The essential purpose of Congress in enacting 28 U.S.C. § 1407 was to permit centralization in one district of all pretrial proceedings when civil actions involving common questions of fact are pending in different districts. *Matter of New York City Mun. Securities Litigation*, 572 F.2d 49 (2d Cir. 1978).

Even though the *MDL* pretrial orders are binding on Plaintiffs, this Court finds good cause for Plaintiffs' failure to timely file the Plaintiff Fact Sheet and good cause for failing to timely designate expert witnesses.

Therefore, Defendants' Motion to Dismiss [Doc. No. 30], and Motion for Summary Judgment [Doc. No. 37] are **DENIED** at this time. A new scheduling order will issue in this proceeding.

Monroe, Louisiana, this 30th day of May, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA